SCHWARTZ, Chief Judge.
We conclude that the appellate division of the circuit court departed from the essential requirements of the law in dismissing the petitioner’s appeal from a county court judgment against him on a DUI charge. The basis of the ruling was that the appeal was unauthorizedly from a judgment entered on a guilty plea. See Fla.R. App.P. 9.140(b); Sec. 924.06(3), Fla.Stat. (1983).
The record shows, however, that, just as in A.E.K. v. State, 432 So.2d 720 (Fla. 3d DCA 1983), after the defendant’s attempt *609 to preserve his right to review the denial of a motion to suppress through a nolo plea proved abortive, his counsel stipulated to the operative facts. Murphy, on his previously entered and unwithdrawn not guilty plea, was thereupon found guilty by the court. As A.E.K. points out, while this was the functional equivalent of a nolo plea, it cannot be sustained because none of the formalities required for a change of plea was observed. And because a nolo or guilty plea was never entered, there is no basis, as the state now contends, for requiring a Fla.R.Crim.P. 3.850 motion to set such a plea aside in the trial court. On these facts, therefore, the circuit court was required by A.E.K., accord, C.S. v. State, 462 So.2d 1205 (Fla. 3d DCA, 1985), to reverse the judgment under review before it, rather than dismiss the appeal. It is directed to do so after remand.
Certiorari granted.