WENTWORTH, Judge.
This is an appeal from a conviction for trafficking in cannabis, presenting two issues: (1) whether the trial court erred in denying appellant’s motion to suppress physical evidence, and (2) whether the trial court erred in not advising appellant of his rights under Fla.R.Crim.P. 3.170. We affirm.
In March 1980 various members of the Big Bend Narcotics Task Force conducted surveillance and investigation of suspected narcotics smuggling in and around Perry, Florida. On March 13, 1980, officers stopped a car driven by John Louie Houck and arrested him on suspicion of narcotics smuggling. Involuntarily, Houck returned to his property with several officers and agents. Houck had a small barn located at the back of his 20 acres of fenced property. After arriving at Houck’s property, the officers and Houck walked to the small barn and Houck was ordered to call out the name “Orlando.” In response, Rodriguez opened the door of the barn and came out. Through the opened door, officers saw stacks of marijuana, and without a warrant, entered the barn and found and seized 26,688 pounds of marijuana. Rodriguez was then placed under arrest.
At a hearing upon motion to suppress filed by Rodriguez, further facts were presented: Rodriguez told FDLE agents that he had traveled from Miami to Houck’s property in Perry with a male friend who had offered him a job. At the instruction of that friend, Rodriguez had stayed in the barn from March 10 to the time of his arrest on March 13. Rodriguez denied prior knowledge that his job would concern narcotics but admitted seeing the marijuana and a rifle in the barn during his stay. The barn contained a bed and a hot plate. Houck stated that he had given one Doug McCall permission to use the barn and that McCall brought Rodriguez to the barn. At the close of the suppression hearing, the court granted the motion to suppress as to Houck, but denied Rodriguez’s motion because he lacked “standing.” A hearing on the reopened motion to suppress was held and Rodriguez presented additional evidence: Rafael Dearce owed money to Rodriguez and offered to involve Rodriguez in a drug transaction as a partner. Rodriguez and Dearce traveled to Houck’s property and told Houck that Rodriguez would stay in the barn for several days, to guard the marijuana. Rodriguez was not to open the barn to anyone other than Houck, who occasionally did deliver some food to Rodriguez. Judge Lawrence denied Rodriguez’s motion to suppress.
Rodriguez executed a written waiver of jury trial. At trial, there was no live testimony and the evidence was stipulated to be that presented at the hearings on the motion to suppress. The court found Rodriguez guilty as charged. Rodriguez was sentenced to 30 months in jail.
The parties have agreed that appellant had a subjective expectation of privacy in the barn. The remaining question is whether the fact that appellant was lawfully in the barn and had the right to exclude others, under the stated circumstances, adequately supports appellant’s assertion that his expectation of privacy was reasonable.
Appellant clearly occupied the barn in question for the sole purpose of performing his hired function of guarding the 26,-000 pounds of marijuana inside. His subjective expectation of privacy is not disputed, the question being whether the expectation in this case is one which “society is prepared to recognize as reasonable.” Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Mr. Jus *314 tice Harlan specially concurring); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).[1]
We conclude that the character of Rodriguez’ occupation of the barn was not equivalent to a tenancy based on a right to control and exclude others. The stipulated facts make no reference to keys or other elements of personal control, the agreement being merely that Orlando Rodriguez would not open the barn to anybody except the owner. His only alleged proprietary interest in the marijuana (in conflict with initial testimony that he knew nothing about the marijuana) was that from anticipated potential proceeds “he was gonna be paid back for the loan money” owed him in an unrelated debt by a third confederate involved in the drug transaction. The fact that Rodriguez’ guard duty spanned three days, and therefore included sleeping and eating, does not appear to us to distinguish this case from that presented in United States v. Torres, 720 F.2d 1506 (11th Cir.1983). In these circumstances we find no distinction between the barn in this case and the truck in Torres, and would conclude as the court there did: “All [appellant] successfully established was that he hoped to remain in the [structure] undiscovered and prevent others from entering ... and seizing the marijuana. The interest [appellant] is asserting is quite simply one that the fourth amendment was not intended to protect.” 720 F.2d at 1510. The Rakas court, dealing also with search of a vehicle, recognized the obvious differences in privacy rights in the sanctity of a dwelling, but with respect to the passengers there in question the opinion notes the “claim is one which would fail even in an analogous situation in a dwelling place, since they made no showing that they had any legitimate expectation of privacy” in the parts of the car in question. 439 U.S. 132, 99 S.Ct. 424, 58 L.Ed.2d 394.
Appellant may not, of course, invoke protection from any assumed invasion of Houck’s rights by the entry into the barn in this case, since Fourth Amendment rights may not be asserted vicariously. And we need not consider whether any protection might be accorded if the search and seizure here had involved some specific part of the barn controlled personally by appellant as the setting for those intimate activities that the Amendment is intended to shelter. That is not the circumstance before us, and upon the cited facts we are unable to view appellant’s presence in the barn, and his relationship with the seized contraband, in any light other than that surrounding ordinary employment to watch and protect the property of another. That conclusion is not, in our opinion, altered by the stipulated receipt of proffered evidence that the premises were “leased,” coupled with the stated restrictions on appellant’s control. He was clearly not free, as a tenant would be, to come and go, nor did he have even the personal right to control access by others, being limited entirely to the order of the owner in that respect. Appellant cites no authority supporting standing in that context.
As to the second issue, supra, a proper executed written waiver of jury trial, and appellant’s tactics at trial, made the proceedings below other than the functional equivalent of a nolo contendere plea. Though the trial was abbreviated, there is no evidence that appellant unknowingly waived any constitutional rights. Appellant used the trial to preserve several trial issues for appeal, including the sufficiency of the evidence. The prosecution’s case was based primarily on the legality of the search and seizure discussed above, a matter already contested and decided in the hearings on the motion to suppress. Thus, the appellant’s only legitimate trial tactic *315 was to renew all prior objections, preserving those issues for appeal. These tactics and the brief trial did not cause the unknowing waiver of appellant’s constitutional rights. Appellant’s reliance on A.E.K. v. State, 432 So.2d 720 (Fla.3d DCA 1983), is misplaced because in the instant case, unlike A.E.K., the appellant’s actions during the trial were legitimate trial tactics.
Affirmed.
BOOTH, J., concurs.
ERVIN, C.J., dissents with written opinion.

. In considering the application of that standard here, we note that the Katz and Rakas defendants occupied structures for their respective primary communication and travel purposes, which the court found to be protected in the case of Katz, and not so in Rakas. The appellant in the present case, however, occupied the barn for the primary purpose of guarding contraband. His use of the structure for shelter was clearly incidental and collateral to the function for which he was hired.