PER CURIAM.
The judgment of conviction and sentence under review is affirmed upon a holding that the defendant’s agreement to stipulate to (1) what the testimony at trial would be, based on the discovery taken by both parties and by the police investigation in the case, and (2) the admission of certain photographs, which stipulation obviated the necessity for taking any live testimony in the case, is attributable to a perfectly legitimate trial tactic calculated to enhance the defendant’s chances of acquittal. Under these circumstances, no affirmative showing was required that the defendant voluntarily and intelligently waived his right to confrontation of witnesses, his right to compulsory process of witnesses, and his right to testify in his own behalf. See A.E.K. v. State, 432 So.2d 720, 722 (Fla. 3d DCA 1983).
We reject the defendant’s argument that the effect of the stipulation was the functional equivalent of a guilty plea which required a showing of the above-stated waiver of rights. The trial court sitting non-jury heard extensive argument below on whether the testimony and evidence in the case, as contained in the stipulation, established beyond a reasonable doubt that the defendant Ramon Lara was an aider and abetter in the attempted robbery herein, and, was, therefore, criminally responsible for both the attempted robbery and the ensuing second degree murder. (Tr. 11-52). During this argument, the trial court conducted extensive inquiry of both counsel concerning the facts and law in this case, as, plainly, the issue presented was fairly debatable. Indeed, the defendant in his brief concedes that the state’s case, as outlined in the stipulation, was unquestionably a “close one” based entirely on circumstantial evidence. (Appellant’s main brief at 8). By stipulating to what the state’s evidence would have developed at trial in any event, thereby obviating the need for an extensive trial, the defendant employed a perfectly legitimate, calculated trial tactic of going directly, without wasting the judge’s time, to the merits of his defense. That defense, perhaps the only defense that could have been raised in the case, was that the state’s case was insufficient to establish any criminal participation by the defendant in the crimes for which he was charged. Under these circumstances, we can discern no violation of the defendant’s rights. The fact that the defense tactic proved unsuccessful in that the defendant was convicted and received a severe sentence, cannot in hindsight change this result.
Affirmed.