HUBBART, Judge.
This is an appeal from a final order which withholds adjudication in a juvenile delinquency proceeding and places the juvenile J.N. in a program of community control. The juvenile urges as his sole point on appeal that the trial court erred in entering a finding of delinquency because (a) the proceedings below resulting in this finding were the functional equivalent of a nolo contendere plea, and (b) the record fails to reflect that the juvenile was informed of and thereafter knowingly and intelligently waived the constitutional rights normally incident to a trial, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We agree and reverse.
I
The facts pertaining to the point on appeal are as follows. On May 16, 1983, the juvenile J.N. was charged with the sale and possession of marijuana in a petition for delinquency, filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. The juvenile entered a denial plea and filed a motion to suppress physical evidence obtained pursuant to a search and seizure. The motion set forth a set of facts which, the juvenile claimed, established that the said physical evidence was secured through an unreasonable search and seizure in violation of the juvenile’s Fourth Amendment rights. Incontestably, however, these facts revealed that the juvenile had committed the offenses for which he was charged.
On September 20, 1984, the motion to suppress came on for a hearing. No testimony was taken on this motion. Instead, after counsel for the juvenile announced that the motion to suppress was dispositive of the case, both he and the prosecuting attorney stipulated to the facts as stated in the juvenile’s motion to suppress and agreed that the trial court should decide the entire case based on those stipulated facts and the applicable case law. Both counsel then presented legal argument solely on the motion to suppress; no argument was presented on the issue of guilt or innocence or the legal sufficiency of the evidence presented.
At the conclusion of this argument, the trial court denied the motion to suppress and entered a finding of delinquency as charged. No inquiry was made of the juvenile himself concerning his waiver of trial rights prior to the entry of the delinquency finding. The trial court further entered an adjudication of delinquency; at a later hearing, however, this adjudication was set aside and the juvenile was placed on community control. This appeal follows.
II
It is settled in this district that
“where [defense] counsel [in a criminal case], for the avowed and singular purpose of preserving his client’s right to appeal the trial court’s denial of a motion to suppress the [accused’s] confession [or the fruits of a police search and seizure], stipulates that the court determine the [accused’s] guilt solely on facts proffered by the prosecutor; and where such proffered facts, to which no legal defense is made, establish beyond dispute the [accused’s] guilt of the crime charged in the [charging document]; the proceedings, which predictably and immediately concluded with [a finding or] an adjudication of [guilt or] delinquency, are a mere substitution for, and the functional equiva *887 lent of, a nolo contendere plea, requiring, therefore, that in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record reflect that the [accused] was informed of and knowingly and intelligently waived the constitutional rights normally incident to a trial.”
A.E.K. v. State, 432 So.2d 720, 720-21 (Fla. 3d DCA 1983); accord Murphy v. State, 464 So.2d 608 (Fla. 3d DCA 1985); C.S. v. State, 462 So.2d 1205 (Fla. 3d DCA 1985). The underlying justification for this rule is that the constitutional requirements for taking a guilty or nolo contendere plea, as established in Boykin, may not be indirectly subverted through a stipulation by defense counsel to the truth of a set of facts which amounts, in effect, to a confession of guilt to the crimes for which an accused is charged, where the stipulation serves as a substitute for testimony at a non-jury trial. Such a confession-type stipulation amounts, in effect, to a guilty or nolo contendere plea which cannot be accepted by the trial court without observing the Boykin requirements of a knowing and intelligent waiver of constitutional rights normally incident to a trial.
A different rule obtains, however, where the set of facts stipulated to by defense counsel state an arguable defense and do not amount to a confession to the crime charged. In such a case, the stipulation in question is not the functional equivalent of a guilty or nolo contendere plea and the Boykin requirements attendant to such a plea are inapplicable. See Lara v. State, 475 So.2d 1340 (Fla. 3d DCA 1985). A different rule also obtains where defense counsel stipulates, not to a set of facts, but to certain testimony taken at a prior court hearing in the cause — such as a hearing on a motion to suppress — as the testimony which would be adduced at a non-jury trial. In such a case, counsel is not stipulating to a set of facts as stated by counsel for either party; instead, counsel is stipulating only that testimony already adduced before the trial court will be repeated at the trial of the cause. By so doing, the accused is obviously admitting nothing by the stipulation and the Boykin requirements attendant to a guilty or nolo contendere plea are inapplicable. See Rodriguez v. State, 468 So.2d 312, 314-15 (Fla. 1st DCA 1985). It is only where defense counsel stipulates to a set of facts — as opposed to testimony previously heard in the cause — which amounts, in effect, to a confession of guilt to the crime charged that the functional equivalent of a guilty or nolo contendere plea takes place; only in that event are the Boykin requirements attendant to such a plea fully applicable.
Ill
Turning to the instant case, it seems clear to us that defense counsel’s stipulation to the set of facts below was the functional equivalent of a nolo contendere plea. The facts were entirely derived from defense counsel’s motion to suppress and amounted, in effect, to a confession of guilt to the offenses for which the juvenile J.N. was charged. No defense on the merits was raised on these facts to the charges filed below, and indeed, defense counsel argued no such defense below. The only defense raised went solely to the lawfulness of the search conducted herein, and the stipulation on the merits of the case was plainly a transparent effort to preserve for appeal the search and seizure issue without going through a formal nolo contendere plea. This being so, the proceedings below amounted to the functional equivalent of a nolo contendere plea which, in turn, triggered the Boykin requirements attendant to such a plea. As these requirements were not observed below, the finding of delinquency and sanctions imposed thereafter must be reversed based on the established law stated above.
The state urges, at this point, that in the event of a reversal, the proper remedy would be to remand the case to the trial court for a determination as to whether the juvenile knowingly and voluntarily entered a nolo contendere plea in this case. We cannot agree. No such plea was ever entered below and no plea colloquy was ever *888 conducted by the trial court. Under these circumstances, we think it entirely inappropriate for the trial court to conduct a volun-tariness inquiry on a nolo contendere plea which has never taken place. Moreover, a retroactive plea inquiry upon remand makes no sense at this point as the juvenile has never tendered such a plea and could decline upon remand to enter such plea for the first time — which, of course, would obviate the necessity for a plea colloquy. See Fla.RJuv.P. 8.130(a)(1). We therefore conclude that the proper remedy here is to reverse the finding of delinquency and sanctions imposed thereafter and remand with directions to conduct a new trial in this cause.
Reversed and remanded for a new trial.