528 So.2d 984 (1988)
Ramon LARA, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1399.
District Court of Appeal of Florida, Third District.
July 26, 1988.
Breslin & Raben and Peter Raben, Coconut Grove, for appellant.
Robert A. Butterworth, Atty. Gen. and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Ramon Lara from a trial court order denying his post-conviction motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850. We have previously affirmed Lara's conviction upon a direct appeal from the judgment and sentence. Lara v. State, 475 So.2d 1340 (Fla. 3d DCA 1985).
The legal basis for the motion to vacate below was, in essence, that the defendant was not afforded effective assistance of counsel when trial counsel recommended to the defendant that he waive trial by jury and enter into a stipulation at trial as to the facts of the case. The trial court entered an extensive order rejecting this claim; we entirely agree and affirm based on the following briefly stated legal analysis.
First, we see no ineffective assistance of counsel in trial counsel's advice that the defendant should waive trial by jury and enter into the subject stipulation. As we stated on the defendant's direct appeal from his conviction:
"By stipulating to what the state's evidence would have developed at trial in any event, thereby obviating the need for an extensive trial, the defendant employed a perfectly legitimate, calculated trial tactic of going directly, without wasting the judge's time, to the merits of his defense. That defense, perhaps the only defense that could have been raised *985 in the case, was that the state's case was insufficient to establish any criminal participation by the defendant in the crimes for which he was charged. Under these circumstances, we can discern no violation of the defendant's rights. The fact that the defense tactic proved unsuccessful in that the defendant was convicted and received a severe sentence, cannot in hindsight change this result."
Lara v. State, 475 So.2d at 1341.
Second, we think that the defendant's criticism of trial counsel's "mind set"  namely, his 95% belief, which he conveyed to the defendant, that the trial judge would acquit the defendant based on counsel's knowledge of the judge and the judge's prior comments in the case  cannot in itself amount to ineffective assistance of counsel. Trial lawyers' judgments on matters of this nature are necessarily subjective and cannot later be faulted when the judgment proves incorrect. In this case, counsel consulted with other lawyers in his office before giving any advice to the defendant on this issue; moreover, we think counsel's judgment was based on reasonable indications as to the trial judge's probable disposition of the case. Indeed, as the trial court noted in the order under review, counsel would have been dubbed a "strategic genius" if the defendant had been acquitted. See Strickland v. Washington, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 2065-66, 80 L.Ed.2d 674, 693-94 (1984); Sireci v. State, 469 So.2d 119, 120 (Fla. 1985), cert. denied, 478 U.S. 1010, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986); Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). For these reasons, Costello v. State, 260 So.2d 198 (Fla. 1972) has no application to this case.
Third, the defendant's criticism of trial counsel that he allowed the prosecutor in his final argument to the trial court to misstate the facts in the stipulation hardly rises to the level of ineffective assistance of counsel. Indeed, a failure to object to improper prosecutorial argument rarely amounts to ineffective assistance of counsel, and surely not in this case where the errors, if any, were not substantial in nature. See Ferro v. State, 488 So.2d 179 (Fla. 3d DCA 1986); State v. Stirrup, 469 So.2d 845, 847-48 (Fla. 3d DCA), rev. denied, 480 So.2d 1296 (Fla. 1985); Anderson v. State, 467 So.2d 781, 787-88 (Fla. 3d DCA), pet. for rev. dismissed, 475 So.2d 693 (Fla. 1985).
Finally, we are unpersuaded that counsel's agreement to certain aspects of the stipulation amounts to ineffective assistance of counsel. The facts of the case as contained in the stipulation are basically accurate and complete; the defendant's criticism of the stipulation amounts only to a failure of counsel to put the proper "spin" on the facts.
Affirmed.