PER CURIAM.
Juvenile M.C. appeals adjudications of delinquency entered upon two separate petitions charging grand theft and burglary of dwellings belonging to different individuals. We affirm in part and reverse in part.
An adjudicatory hearing was held on Circuit Court case number 88-3584, following which the judge indicated his intention to adjudicate the juvenile delinquent. Defense counsel then tendered a plea of nolo contendere to the second case, circuit court case number 88-3585, reserving the right to appeal both cases. No plea colloquy was conducted as to this plea. The court then *462 adjudicated the juvenile delinquent as to both cases.
We affirm the adjudication entered in Circuit Court case no. 88-3584 in all respects. However, the State has confessed error regarding the adjudication of delinquency entered in Circuit Court case number 88-3585, based upon the court’s failure to determine that the juvenile freely, knowingly, and voluntarily tendered the plea of nolo contendere as is required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Accordingly, we reverse that second adjudication and remand the matter so that, by plea colloquy, the court may determine whether the juvenile freely, knowingly, and voluntarily tendered his nolo contendere plea. C.W. v. State, 554 So.2d 28, (Fla. 2d DCA 1989); C.S. v. State, 462 So.2d 1205 (Fla. 3d DCA 1985); Fla.R.Juv.P. 8.130(a)(1). See also J.N. v. State, 483 So.2d 885 (Fla. 3d DCA 1986) (proceedings tantamount to nolo contendere plea required inquiry into whether juvenile freely, knowingly, and intelligently waived his attendant constitutional rights); A.E.K. v. State, 432 So.2d 720 (Fla. 3d DCA 1983) (same).
Upon a finding of voluntariness, the court may then proceed to adjudicate the juvenile delinquent. Upon a contrary finding, an adjudicatory hearing would have to be held.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.