PER CURIAM.
This is an appeal by the respondent J.C. from an adjudication of juvenile delinquency for burglary of an automobile and theft of an automobile. The sole point on appeal is that the trial court erred in denying the defendant’s pretrial motion to suppress, based on Fourth Amendment grounds, certain oral statements allegedly made to the police by the respondent after, it is urged, being illegally stopped by the police while driving the alleged stolen vehicle.
*1184 We have reviewed the transcript of the motion to suppress hearing in which the two police officers who stopped and questioned the respondent gave testimony. Based on this review, we conclude that the police had reasonable suspicion based on an anonymous tip to temporarily detain the respondent for theft of an automobile under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that, accordingly, any oral statements made by the respondent during this temporary detention were lawfully obtained and are admissible in evidence at trial. “A valid stop and frisk [under Terry v. Ohio] may be based on information obtained from an anonymous tipster if that information appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself.” Hetland v. State, 387 So.2d 963 (Fla.1980). Contrary to the defendant’s argument, the anonymous tip in this case was sufficiently reliable to justify the subject stop both because of the surrounding circumstances and the information given in the tip. Indeed, the police were able to locate immediately in the area the automobile which the on-the-scene tipster told the police had just been stolen from the driveway of an apartment complex by four males; the respondent was, in fact, caught driving this automobile in the immediate vicinity a few minutes after the tipster had given police this information. See State v. Marsh, 576 So.2d 387 (Fla. 2d DCA 1991); Bussey v. State, 528 So.2d 955 (Fla. 3d DCA 1988).
Having concluded that the motion to suppress was properly denied, we must nonetheless notice on our own a fundamental error which appears in the record. After properly denying the respondent’s motion to suppress, the trial court proceeded without a trial or a nolo contendere or guilty plea to find the respondent guilty as charged (TR.29), based on his prior plea of denial (R.3), and thereafter entered the delinquency adjudication under review. It is a fundamental error when, as here, a juvenile respondent in a delinquency proceeding is found guilty of a charged criminal offense without a trial based on a plea of denial. Accordingly, the adjudication of delinquency herein must be reversed and the cause remanded for a trial on the merits. See § 39.052, Fla.Stat. (1991); D.T.H. v. State, 348 So.2d 1155, 1157 (Fla.1977); Murphy v. State, 464 So.2d 608 (Fla. 3d DCA 1985); cf. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); A.E.K. v. State, 432 So.2d 720, 722 (Fla. 3d DCA 1983).
The final adjudication of delinquency under review is reversed and the cause is remanded to the trial court for a trial on the merits.
Reversed and remanded.