REGAN, Judge.
After a hearing in Juvenile Court on April 18, 1968, the appellant, Jake McGin-nis, Jr., was found guilty of violation of Louisiana Revised Statute 14:106(A) (1); thereafter he was returned to the Youth Study Center and a psychiatric evaluation was made. On May 9, 1968, he was committed to the East Louisiana State Hospital at Jackson, Louisiana, for an indefinite period.
On October 1, 1969, a motion to reopen the case was filed wherein it was asserted that Jake McGinnis was denied due process of law because neither he nor his parent were advised of Jake’s right to counsel, nor did they receive written notice of the charges against him. The petitioner asserts that the mother was instructed to sign papers pertaining to her son’s commitment to the hospital but because she was uneducated and “semi-illiterate” she did not understand the contents therein. Petitioner further asserted that proper medical therapy is not provided him at East Louisiana State Hospital.
The motion to reopen the case was denied for the reason that Jake admitted in court the allegations contained in the petition which was read and explained to him and his mother.
From that judgment, Jake has prosecuted this appeal.
The record discloses that on April 18, 1968, a hearing occurred in the Juvenile Court with Jake McGinnis, his mother, Irene McGinnis, and Gerald LeBlanc, of the State Probation and Parole Service, present. At the hearing, Jake admitted performing the act of obscenity delineated in the petition. The court determined that Jake was delinquent and returned him to the Youth Study Center and ordered a medical evaluation of him. At a subsequent hearing on May 9, 1968, on the recommendation of Doctors Jensen and Hamm, the court committed Jake to East Louisiana State Hospital for an indefinite period. There is not one scintilla of evidence in the record to the effect that Jake or his parent were informed of his right to counsel or of his right to remain silent.
Although the court refused to reopen the case, on October 21, 1969, it did conduct a hearing for the purpose of ascertaining whether Jake should continue treatment in the East Louisiana State Hospital. At this hearing, Dr. James E. Hill, Director of the Forensic Psychiatry Unit of the East Louisiana State Hospital, testified that Jake was committed to a section of the hospital designated as “colony one” where he stated “ * * * we put patients who are worse than the other boys * * * The doctors see they will be there for a long time. Some patients might profit from some type of work, therapeutic, as it is called. The patients on that unit work out with the farm people or on dairy farms.” Dr. Hill’s diagnosis was mild mental retardation without psychotic symptoms, and in his opinion, Jake had received maximum benefit from his admission to the hospital. He recommended that Jake be placed in a school for retarded children or that he be returned to his family and receive guidance from a health care center. Doctors Jensen and Butler concurred in the recommendations of Dr. Hill.
The court, in conformity with the medical evidence adduced herein ordered Jake returned to the custody of his mother with the condition that he receive out-patient therapy from a mental health clinic under *338 supervision of the Probation Department of the Juvenile Court until he reached the age of 21 or until probation was termined by the court.
Petitioner argues on' appeal that the Juvenile Court’s decision refusing to reopen the case should be reversed because Jake and his parent were not advised of his right to counsel and his privilege against self-incrimination, citing Application of Gault[1] to support his position. In that case, the United States Supreme Court reasoned:
“[19] We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile’s freedom is curtailed, the child and his parents must be notified of the child’s right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child.”
The record discloses • that neither Jake nor his parent were informed of Jake’s right to counsel nor does the Juvenile Court or Probation Department contend that such information was given to them. To reiterate, the only reason for refusing to reopen the case as stated in the reasons for judgment is that Jake admitted the allegations contained in the petition which was read and explained to him and his mother. This reasoning is erroneous for as the court pointed out in the Gault decision:
“ * * * A proceeding where the issue is whether the child will be found to be ‘delinquent’ and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child ‘requires the guiding hand of counsel at every step in the proceedings against him.’ Just as in Kent v. United States, supra, 383 U.S. [541], at 561-562, 86 S.Ct. [1045], at 1057-1058, [16 L.Ed.2d 84,] we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21.”
It is apparent from the record that the admission of guilt was obtained without advising Jake of his privilege against self-incrimination. The United States Supreme Court has emphasized that admissions and confessions of juveniles require special caution.[2] In Application of Gault,[3] the organ for the court rationalized:
“We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. We appreciate that special problems may arise with respect to waiver of the privilege by or on behalf of children, and that there may well be some differences in technique— but not in principle — depending upon the age of the child and the presence and competence of parents. The participation of counsel will, of course, assist the police, Juvenile Courts and appellate tribunals in administering the privilege. If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was *339 not coerced or suggested, but also that it was not- the product of ignorance of rights or of adolescent fantasy, fright or despair.”
Since Jake and his parent were not informed of Jake’s right to counsel and his privilege against self-incrimination, the judgment of the Juvenile Court in which he was found to be a delinquent was rendered without due process of law and therefore the case should have been reopened.
For the foregoing reasons, the judgment appealed from is reversed and the case is now remanded to the Juvenile Court for further proceedings in conformity with the rationale of this opinion.
Reversed and remanded.

. 387 U.S. 1, 87 S.Ct.* 1428, 18 L.Ed.2d 527 (1967).

. Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948).

.387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).