543 So.2d 634 (1989)
STATE of Louisiana in the INTEREST OF Lee J. LUCAS.
Nos. KJ 88 1218, KJ 88 1219.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*635 R. Neal Wilkinson, Baton Rouge, for plaintiff-appellant Lee J. Lucas.
Darlene Simmons, Baton Rouge, for defendant-appellee State.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
LOTTINGER, Judge.
Lee Lucas, Jr., was alleged to be delinquent in petition number 58,972 (KJ 88 1218) based on the commission of simple burglary, La.R.S. 14:62, and in petition number 58,974 (KJ 88 1219) based on the commission of theft of property valued at less than one hundred dollars, La.R.S. 14:67. On September 3, 1986, the juvenile and his counsel appeared before the East Baton Rouge Parish Family Court (hereinafter referred to as the juvenile court). At that time, the juvenile withdrew his initial denials of the allegations of the petitions. The juvenile admitted the truthfulness of the allegations of petition number 58,974; and the state amended petition number 58,972 to allege delinquency based on the commission of unauthorized entry of an inhabited dwelling, La.R.S. 14:62.3. The juvenile then admitted the truthfulness of the allegations in petition number 58,972 as amended. The record reflects that at a disposition hearing held on October 22, 1986, the juvenile court deferred dispositions as to both petitions for a period of two years and placed the juvenile on supervised probation pending final dispositions. (See minute entry of October 22, 1986, and page 22 of transcript of January 20, 1988, disposition hearing.) The record further reflects that, thereafter, at a disposition hearing held on January 20, 1988, the juvenile court rendered a judgment of disposition committing the juvenile to the custody of the Department of Public Safety and Corrections for six years in regard to petition number 58,972 and for six months as to petition number 58,974, with the dispositions to run concurrently.
On appeal, in a single assignment of error, the juvenile alleges that his dispositions are excessive and that the juvenile court failed to follow the guidelines contained in La.Code Crim.P. art. 894.1. Because we find patent errors requiring reversal of the juvenile's adjudications and dispositions, we do not address his assigned error.

PATENT ERRORS
Initially, we note as error patent that (as per the appropriate minute entry dated October 22, 1986, and the comments made by the juvenile court at the second disposition hearing on January 20, 1988) at the first disposition hearing held on October *636 22, 1986, the juvenile court deferred dispositions as to petition numbers 58,972 and 58,974 for a period of two years and placed the juvenile on supervised probation pending final dispositions. (See page 22 of the transcript of the January 20 hearing.) Therefore, apparently no judgment imposing dispositions was rendered at the October 22, 1986, hearing; and the record contains no such judgment. However, subsequently, at the January 20, 1988, disposition hearing, dispositions were imposed; and the record reveals that these dispositions are contained in a written judgment of disposition signed on January 22, 1988. While La.C.J.P. art. 83A(7) authorizes the juvenile court to defer or suspend the execution of a judgment of disposition and place the child on probation subject to various terms and conditions, the court is required to render a judgment of disposition. See La.C.J.P. art. 87. The failure of the court to render such a judgment and enter a written judgment of the disposition into the record is patently erroneous. See La.C.J.P. art. 97, which conditions appellate review on the existence of a judgment of disposition. Notwithstanding this patent error, the instant appeal is properly before us by virtue of the judgment of disposition entered on January 20, 1988, and signed on January 22, 1988.
However, the errors patent (set forth below) which we have discovered in regard to the allegations contained in petition number 58,972 (KJ 88 1218) and petition number 58,974 (KJ 88 1219), require us to vacate the juvenile's admissions to the allegations in petition numbers 58,972 (as amended) and 58,974 and to reverse the juvenile court's adjudications of delinquency and the dispositions imposed by the juvenile court in regard to those allegations.
At the September 3, 1986, proceeding when the juvenile admitted the truthfulness of the allegations in petition numbers 58,972 and 58,974, the juvenile court inquired as to the factual bases for the allegations in the petitions before accepting the juvenile's admissions and adjudicating the juvenile delinquent as to both petitions. However, the juvenile court did not advise the juvenile of his right to an adjudication hearing, of his right to confront his accusers, and of his privilege against self-incrimination or make any inquiry as to his understanding of these rights and that by admitting the allegations he was waiving them. The admissions of the juvenile and the proceedings, therefore, do not disclose that the juvenile waived these constitutional rights. Accordingly, the due process requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), require that the admissions be vacated, the adjudications and dispositions be reversed, and the juvenile be permitted to answer petition numbers 58,972 and 58,974 anew. See In re State in Interest of McGinnis, 244 So. 2d 336 (La.App. 4th Cir.1971). See also State v. Godejohn, 425 So.2d 750 (La.1983), in regard to the authority of an appellate court to recognize such a patent error in a criminal proceeding. Numerous courts in other states have similarly concluded that the requirements of Boykin are applicable to juveniles in delinquency proceedings. Cf. J.N. v. State, 483 So.2d 885 (Fla. 3d DCA 1986); In re John D., 479 A.2d 1173 (R.I.1984); Matter of Appeal in Maricopa County Juvenile Action No. J-86715, 122 Ariz. 300, 594 P.2d 554 (App.Div. 1, Dept. A 1979). Moreover, the record fails to reveal that the juvenile was advised of his rights in accordance with La.C.J.P. art. 54 at the time he made his initial (August 13, 1986) appearance to answer the allegations of the petitions.
Therefore, for the above reasons, the admissions to the allegations in petition numbers 58,972 (as amended) and 58,974 are vacated, the juvenile court's adjudications of delinquency and the dispositions imposed are reversed, and these cases are remanded for further proceedings.
VACATE ADMISSIONS, REVERSE ADJUDICATIONS AND DISPOSITIONS, AND REMANDED.