GOTHARD, Judge.
This is a juvenile proceeding. On April 24, 1991, the state filed a petition in the juvenile court of Jefferson Parish seeking to have C.H. adjudicated a delinquent based on an alleged violation of LSA-R.S. 14:27, 14:67, in that on March 22, 1991 he did attempt to commit theft of a vehicle valued at over $500.00. On July 3, 1991, C.H., a 15 year old male, denied the allegations contained in the petition.
*714 On August 7, 1991, the juvenile, with the assistance of counsel, withdrew his former denial and entered an admission to the petition. At the September 19, 1991 disposition hearing, the juvenile was committed to the Department of Public Safety and Corrections/Louisiana Training Institute for one year with a specific placement in the S.T.O.P. program at L.T.I.—Bridge City.
From this adjudication and disposition, the juvenile now appeals.
Assignment of Error: The trial court erred in accepting the guilty plea, as the juvenile was misinformed regarding the penalty consequences of an adjudication/conviction.
A guilty plea must be a free and voluntary choice on the part of the defendant. There must be an express and knowing waiver of rights, which must be on the record; the record must unequivocally show that the waiver was free and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984). The due process requirements enumerated in Boy-kin, supra, have been applied to juvenile admissions of allegations by juveniles in Louisiana delinquency proceedings. State in Interest of Lucas, 543 So.2d 634 (La. App. 1st Cir.1989); State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1st Cir. 1989).
This proceeding took place under the Code of Juvenile Procedure, as the Louisiana Children’s Code, enacted by Acts 1991, No. 235, § 8, became effective on January 1, 1992, after the disposition.
La.CJ.P. art. 53, 54, and 55 provide the procedure for the juvenile’s answer to the petition. Article 54 reads as follows:
When the child appears to answer the petition, insofar as practicable, the court shall advise the child of:
(1) The nature of the proceedings in terms understandable to the child;
(2) The nature of the allegations in terms understandable to the child;
(3) The possible consequences of his admission that the allegations are true, in terms understandable to the child;
(4) His right to an adjudication hearing;
(5) His right to be represented by an attorney, and of his right to have counsel appointed as approved in Article 95; and
(6) His privilege against self-incrimination if the petition requests that he be adjudicated a delinquent.
The transcript of the July 3, 1991 hearing, when C.H. answered the petition with a denial, is not contained in the record. In the August 7 hearing, before the court accepted the plea of guilty, the following colloquy was conducted in court by the boy’s counsel:
Q. [Counsel] Do you understand you’re charged with theft of a vehicle valued
[[Image here]]
THE COURT: Attempted theft.
Q. [Counsel] ... attempted theft of a vehicle valued at over $500.00?
A. Yes sir.
Q. Okay. Do you understand you could .. the maximum sentence you could receive for this is six months in detention, do you understand that?
A. Yes sir.
[[Image here]]
Q. Do you understand you have a right to go to trial in this matter and you have a right to remain silent; you have a right to make the State prove the case against you with witnesses, do you understand that?
A. Yes.
Q. By pleading guilty you’re waiving that right, do you understand that?
A. Yes.
Counsel then questioned the juvenile’s mother:
Q. Okay. Ma’am do you understand what he’s doing?
A. Yes.
Q. He’s admitting to attempted theft of one vehicle, do you understand that?
A. Uh-huh.
Q. Do you agree with that?
A. They caught him with one.
Q. Do you agree with this?
*715 A. Yes, they caught him in the act, you know.
The judge then stated that she would accept the guilty plea and would set the matter for disposition. The District Attorney stated that she would dismiss two remaining charges against C.H.
At the disposition hearing another judge, presiding ad hoc, committed C.H. to the custody of the Department of Corrections, Louisiana Training Institute, for one year with a specific placement in the S.T.O.P. program, an alternative detention for juveniles committed for non-violent property offenses. The extract of the judgment ordering commitment indicates that he was committed for the offense of attempted theft, LSA-R.S. 14:27, 14:67.
The following colloquy regarding the penalty took place at the disposition hearing:
THE COURT: It was an automobile, right. I don’t know what the automobile was valued at though.
[COUNSEL]: It was a 78 .. the petition says over $500.00, but it was a 78 Monte Carlo your honor. We’re talking old ... I’m going to ask that it be treated as a one to five.
THE COURT: One hundred to five hundred, two years, half of that would be one year.
[COUNSEL]: Right .. which is fully enough time for the STOP program.
New counsel for the appellant mistakenly calculated the maximum penalty at five years and was concerned that he could be incarcerated until he was twenty years of age. La.C.J.P. art. 89 limits the duration of a disposition as follows, in pertinent part:
B. If the child is adjudicated a delinquent for commission of an act which if committed by an adult would constitute a misdemeanor and is placed on probation, the term of probation shall not exceed two years.
C. Except as provided in Paragraph B, no judgment of disposition of a child adjudicated a delinquent shall remain in force for a period exceeding the maximum term of imprisonment for the offense forming the basis for the adjudication.
[[Image here]]
F. (1) In delinquency proceedings, a judgment of disposition shall not remain in force after a child reaches his twenty-first birthday.
Accordingly, under relevant statutes, C.H. faced detention of no more than one year, which was understated at the earlier hearing as six months.
In State v. Nuccio, supra, where the question was whether an earlier guilty plea could be used as a predicate for a multiple offender bill, the Supreme Court held that the plea was valid because the defendant was advised of and expressly waived his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. The court said, at 104:
Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions.
In State in Interest of Jarrell, 399 So.2d 583 (La. 1981), the Supreme Court reversed the appellate court’s finding that the guilty plea of a juvenile was invalid. The First Circuit, at 395 So.2d 1385, noted that the 13 year old juvenile had been told only that she could be “confined to the Louisiana Training Institute for a certain length of time,” but had not specified the minimum or maximum sentences during which she could be confined. We note that the Second Circuit requires a showing that the defendant knéw the possible penalties. State v. Whitaker, 543 So.2d 1073 (La.App. 2nd Cir.1989); State v. Combs, 567 So.2d 733 (La.App. 2nd Cir.1990); State v. Mitchell, 561 So.2d 819 (La.App. 2nd Cir.1990). In the Combs and Mitchell cases, involving adult defendants, the court conditionally vacated the convictions and sentences in each and remanded for a hearing to determine whether the defendant was counseled about his sentencing exposure and made the plea knowingly and intelligently.
*716 In the case before us, while the juvenile s maximum exposure was misstated in the earlier hearing, it is doubtful that the misinformation affected the voluntariness of his plea. The actual sentence was only six months more than the sentence originally stated. Although he was given the maximum one year sentence, two other charges were dropped. Neither he nor his mother objected to the sentence at the disposition hearing. The court had ordered a complete predisposition evaluation and, the psychiatrist’s recommendation, had ordered an alternate confinement in the S.T.O.P. program.
Accordingly, for the reasons assigned above, the conviction and sentence are affirmed.
AFFIRMED.