hGOTHARD, Judge.
In this juvenile delinquency proceeding, D.S. appeals his disposition. For the following reasons, we affirm.

STATEMENT OF THE CASE

On December 26, 1991, D.S. shot another youth with a BB gun. Thereafter, on January 31, 1992, the State filed a petition in the Juvenile Court for the Parish of St. Charles, seeking to have D.S. adjudicated delinquent based on his committing aggravated battery, a violation of La.R.S. 14:34. Initially, D.S. denied the allegations of the petition. Later, however, on July 24, 1992, he admitted the allegations contained in the petition. The juvenile court then adjudicated D.S. delinquent on the basis of his admission and rendered a judgment of disposition which placed him on probation until his 21st birthday, subject to various conditions.
^Subsequent to his original disposition, D.S. was adjudicated delinquent for possession of stolen property under $100. In response to this second adjudication of delinquency, the juvenile court conducted a hearing to determine whether D.S.’s probation should be revoked. At the conclusion of this hearing, on September 8, 1994, the court revoked D.S.’s probation and committed him to the Department of Corrections/Louisiana Training Institute until his 21st birthday.
*1125 On September 29, 1994, D.S. filed a writ application seeking review of the juvenile court’s order of September 8, 1994. On October 20, 1994, this court granted the writ application for the limited purpose of converting it into an appeal. In an unpublished opinion,[1] we found, pursuant to an error patent review, that D.S.’s admission to the aggravated battery charge was invalid because he had not been properly “Boykinized”[2] by the juvenile court before making the admission. Accordingly, we vacated the admission and remanded the matter to the juvenile court for further proceedings.
On October 12, 1995, D.S. again admitted the allegations of the aggravated battery petition. D.S. also reserved his right to appeal the juvenile court’s disposition in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The court then adjudicated D.S. delinquent and rendered a judgment of disposition, committing him to the Department of Corrections/Louisiana Training Institute until his 18th birthday. From this judgment, D.S. has appealed.
I ¿ASSIGNMENT OF ERROR
D.S. asserts that the juvenile court committed reversible error in failing to impose the terms of the original plea bargain which was set aside in an error patent review based on the court’s failure to properly “Boykinize” him.

ANALYSIS

D.S. asserts that the juvenile court erred in refusing to impose the terms of the original plea agreement of July 24, 1992. That is, D.S. argues that after his original admission was vacated on appeal, the juvenile court was still obligated to sentence him to probation, rather than committing him to the Department of Correetions/Louisiana Training Institute until his 18th birthday. In support of his position, D.S. contends that our previous opinion did not throw out the original sentence of July 24, 1992, [but] merely the manner in which it was obtained.”
The effect of the failure to properly “Boykinize” a juvenile is demonstrated by the result reached in State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1st Cir.1989). In Wilkerson, the court performed an errors patent review and determined that the juvenile had not been properly “Boykinized” before entering his admissions to several charges. Id. at 580-81. Thus, the court concluded that Boykin required that “the admissions be vacated, the adjudications and disposition be reversed, and the juvenile be permitted to answer [the petitions] anew” Id. (emphasis added).
In the original appeal, we vacated D.S.’s admission to the aggravated battery charge because he had not been properly “Boykin-ized” by the juvenile court before giving the admission. Our earlier ruling did not specifically mention the adjudication and disposition which were based on the invalid admission. However, by vacating the admission we necessarily also vacated the disposition. This is ^because the admission formed the basis of the disposition. Without a valid admission, the juvenile court did not have a proper foundation on which to render a disposition against D.S. Therefore, once D.S.’s original admission was vacated, the entire plea agreement was without effect. Accordingly, the trial court did not err in refusing to adhere to the disposition agreed to in the invalid plea agreement.
D.S. further contends that the juvenile court’s failure to sentence him in accordance with the original plea agreement constitutes a violation of his right to due process of law, as interpreted by the U.S. Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Pearce, the Court addressed the question of “[w]hen at the behest of the defendant a *1126 criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon retrial?” Id. at 713, 89 S.Ct. at 2074. The Court concluded that allowing a trial judge to resentence a defendant following a second conviction to a heavier sentence, simply on the basis of the defendant having exercised his constitutional rights to challenge the validity of his first conviction, would be a flagrant violation of the Fourteenth Amendment. Id. at 723, 89 S.Ct. at 2079-80. Moreover, the Court noted that allowing a defendant to be penalized for exercising his constitutional rights would undoubtedly lead to a chilling effect on the exercise of those rights. Id. at 724, 89 S.Ct. at 2080.
However, the Court recognized that a “trial judge is not constitutionally precluded ... from imposing a new sentence, whether greater or lesser than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant’s ‘life, health, habits, conduct, and mental and moral propensities.’ ” Id. at 723, 89 S.Ct. at 2079 (citing Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)). In summary, the Court stated that in |6order for a judge to impose “a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.” Id. at 726, 89 S.Ct. at 2081.
In the instant case, D.S. argues that there is no justification for the harsher sentence imposed on him by the juvenile court after we vacated his initial admission and that therefore the subsequent sentence is unconstitutional. We disagree. The record reveals that subsequent to his original plea agreement, D.S. was adjudicated delinquent on a charge of possession of stolen property under $100. This second adjudication of delinquency constitutes objective evidence of identifiable conduct which sheds new light upon D.S.’s “life, health, habits, conduct, and mental and moral propensities.” Pearce, supra at 723, 89 S.Ct. at 2079. Accordingly, we find that the juvenile court was justified in rendering a harsher disposition than that called for in the original plea agreement. Based on the foregoing, we conclude that the disposition rendered by the juvenile court did not violate D.S.’s right to due process.
Finally, we have performed an error patent review of the record.[3] For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment ■ or information and the ^endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Orgeron, 620 So.2d 312 (La.App. 5th Cir.1993).
Additionally, where the defendant has entered a plea of guilty, the issue of whether the defendant was properly “Boyk-inized” should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983). The process of “Boykinization” has been held to apply to admissions of allegations made by juveniles in delinquency proceedings. State in Interest of C.H., 595 So.2d 713, 714 (La.App. 5th Cir.1992).
In the instant ease, the record reveals that D.S. was properly “Boykinized.” The judge conducted a colloquy with D.S. before *1127 accepting his admission. In this colloquy, the judge advised D.S. that he had a right to trial, to remain silent, and to confront his accusers and that by making his admission he was waiving these rights. Furthermore, the record contains a waiver of rights form signed by D.S., his grandmother, his attorney, and the judge. Based on the foregoing, we conclude that D.S. was properly “Boykin-ized.”
An additional step is required in a juvenile proceeding to ensure that a child is aware of his rights. La.Ch. C. art. 855 provides that:
A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.
B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:
(1) The nature of this delinquency proceeding.
(2) The nature of the allegations of the petition.
(3) His right to an adjudication hearing.
|s(4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.
(5) His privilege against self-incrimination.
(6) The range of responses authorized under Article 856.
(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court might impose pursuant to Articles 897 through 900.
Regarding the provisions of La. Ch. C. art. 855, the record reveals that the judge ascertained that D.S. had completed the ninth grade, would be 17 years old within a week, and was not currently taking any medication. After the prosecutor stated the allegations of the petition as instructed, the judge advised D.S. of his right to an adjudication hearing, to remain silent, and to be represented by an attorney. The judge subsequently ordered the prosecutor to advise D.S. of the actual sentence which would be imposed upon acceptance of his admission as well as the maximum sentence which could have been imposed. Based on the foregoing, we conclude that the judge complied with the provisions of La. Ch. C. art. 855.
Our review has revealed one error patent. The minute entry, judgment of disposition, and transcript reflect that the judge failed to give D.S. credit for time served. Pursuant to La.Ch.C. art. 898, a juvenile court shall give a child credit for time spent in secure detention prior to the imposition of disposition. However, this error has no impact on the instant case because D.S. is committed to the Department of Corrections/Louisiana Training Institute until his 18th birthday, rather than for a term of years. Accordingly, the juvenile court’s failure to give D.S. credit for time served in detention prior to the imposition of disposition is harmless error.
In summary, the judgment appealed from is affirmed in all respects.
AFFIRMED

. State in Interest of D.S., 95-KA-237 c/w 95-KA-238 (La.App. 5th Cir. 9/26/95), 660 So.2d 583.

. The process of "Boykinization” is designed to ensure that a defendant who pleads guilty is aware that by doing so he waives the following three federal constitutional rights: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). The Louisiana Supreme Court adopted the Boykin standard in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La. 1971).

. There is no explicit statutory authority for courts to review juvenile proceedings for patent error. However, La.Ch.C. art. 104 provides that in a delinquency proceeding, if the Children's Code is silent, then a court should follow the Code of Criminal Procedure. La.C.Cr.P. art. 920 provides for error patent review on appeal. The jurisprudence also supports error patent review of juvenile delinquency proceedings. See, e.g., State in Interest of J.G., 94-194 (La.App. 5th Cir. 7/26/94), 641 So.2d 633; State in Interest of BJ., 617 So.2d 238 (La.App. 5th Cir.1993).