GRISBAUM, Chief Judge.
C.O’C.[1] is a minor who admitted committing the offense “FINS: Truancy/ Violates School Rules.” The juvenile court placed him on probation until his seventeenth (17 th) birthday with several conditions. The juvenile’s mother appeals this judgment. We affirm.

ASSIGNMENTS OF ERROR

The appellant assigns as error the following, to-wit:
1. The trial Judge [sic] was clearly in error as a matter of law in accepting an admission from the minor child without advising the child of his rights or the consequences ofj^such a stipulation, and *585 by not insuring that the child knowingly and voluntarily consents to the judgment.
2. The trial Judge [sic] was clearly in error as a matter of law in allowing the district attorney to amend the petition to ‘truant’ when the petition on its face did not allege any truancy or school violations.
3. The court was clearly in error by setting the date of the motion hearing to allow appellant’s attorney to view the court record on the same date and time of the disposition hearing.
4. The trial court was clearly in error by not properly weighing evidence that the reporting psychologist had not actually evaluated the child and that the report was not accurate.
5. The trial court was clearly in error by shifting the burden of proof to disprove the facts in the evaluations from the petitioner to the parents and child.
6. The court was clearly in error by not properly serving the parties with neither the petition nor the amended petition.
7. The court abused its discretion by placing (sentencing) the child on probation for over 3 years.
Appellant’s original brief at pp. 6-7.

FACTS AND PROCEDURAL HISTORY

On May 4, 1999, the juvenile’s father contacted the Jefferson Parish Sheriffs Office complaining that his son was cursing and being disrespectful. Deputy C.A. Callahan arrived on the scene and ordered the juvenile to apologize to his father. The juvenile refused and after a brief scuffle was arrested for resisting an officer. Deputy Callahan brought the juvenile to the Jefferson Parish Correctional Center, where he was photographed and fingerprinted. Deputy Callahan then transported the juvenile to Rivarde.
On May 6, 1999, the Jefferson Parish District Attorney’s Office filed a petition in juvenile court charging C.O’C. with resisting an officer. La. R.S. 14:108. Also, on May 6, 1999, a hearing was held at which the State indicated |3that it intended to dismiss the resisting an officer petition and file a Families in Need of Services petition (FINS) against C.O’C. alleging that he was ungovernable because of his conduct in and out of school. La. Ch. C. art. 730(1). The State recommended that he be released to his mother, that she bring him to Rivarde to be drug tested, and then to his aunt. The State further recommended that the boy stay with his aunt during the week and his mother on weekends.
At the beginning of the hearing, the State made an oral motion for a FINS adjudication and stated that it intended to file a formal petition. At the end of the hearing, the State moved to amend the resisting arrest petition to a FINS charge. The court accepted the amendment and found that the amendment eliminated the need to file a formal FINS petition. Denise Larson, the juvenile’s attorney, entered an admission for C.O’C. to the State’s FINS charge of truancy/ violation of school rules. The juvenile court judge accepted the admission and ordered that he reside with his aunt during the week and his mother on weekends until custody and visitation were reviewed. The judge also ordered a drug test and an evaluation, pending formal disposition. She asked C.O’C. if he understood everything, and he answered yes.
The disposition hearing on the FINS charge was held on July 8, 1999. The juvenile was represented by Max Chotto who informed C.O’C. and the court that he had a professional and social relationship with C.O’C.’s father. C.O’C. stated that he did not have a problem with Mr. Chotto representing him. Lisa Doyle, the probation officer, testified regarding recommendations made pursuant to the evaluation ordered on May 6, 1999. At the conclusion of the hearing, the juvenile was placed on active probation until his seventeenth (17 th ) birthday, and several conditions were *586 imposed. The court ordered that he reside in his father’s custody, that he and his parents, biological and step, attend family counseling, and that his parents attend parenting education.

\ ¿ASSIGNMENT OF ERROR ONE-LAW AND ANALYSIS

The juvenile’s mother, the appellant, first contends that C.O’C.’s admission should be vacated because he was not properly advised of his rights before he admitted to the offense of truancy/violation of school rules.
We first note that a delinquency proceeding and a FINS proceeding are two very distinct proceedings from which different consequences result. In a delinquency proceeding, a juvenile can be adjudicated guilty of a crime and sentenced accordingly. The juvenile is, thus, entitled to all those constitutional rights guaranteed to criminal defendants except the right to a jury trial. La. Ch. C. art. 808. Therefore, in a delinquency proceeding, due process requires that the juvenile court inform the juvenile of his right to an adjudication, his right to confront his accusers, his privilege against self-incrimination, and that by admitting the allegations against him, he is waiving these rights. State in Interest of D.S., 95-1019 (La.App. 5 th Cir. 4/16/96), 673 So.2d 1123, writ denied, 96-1237 (La.6/21/96), 675 So.2d 1086; State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1 st Cir.1989); State in Interest of Lucas, 543 So.2d 634 (La.App. 1 st Cir.1989).
 In a FINS proceeding, however, the juvenile’s family comes under the exclusive jurisdiction of the juvenile court to remedy the problems which cause the child to be self-destructive. The court has the authority to establish a family service plan which is binding on all family members and all appropriate service providers. La. Ch. C. art. 726. The family service plan requires the family members to participate in a plan of services which are intended to remedy the family’s dysfunction which is causing the juvenile to need court supervision. Id.
In a FINS proceeding, the juvenile court must advise the parents and the child of the nature of the proceedings and the allegations, the right to an adjudication hearing, and the right to retain and be represented by an attorney. | KLa. Ch. C. art. 740. “If the child is not released from custody, the court shall also advise the child of his right to have counsel appointed if he or his caretaker is unable to afford counsel.” Id. “[I]n families in need of services cases there is no right to court-appointed counsel at state expense unless the child is continued in custody.” La. Ch. C. art. 740, comment-1991. “The right to counsel of the child in families in need of services cases has been limited to minimize adversarialness.” Id. Importantly, the juvenile court is vested with broad discretion in arriving at solutions which balance the needs of the child with the interests of society. State in Interest of R.W., 97-0268 (La.App. 4 th Cir. 4/16/97), 693 So.2d 257, writ denied, 97-1283 (La.11/7/97), 703 So.2d 1264.
At the May 6, 1999 hearing, the juvenile was represented by counsel. Additionally, at the July 8, 1999 hearing, each parent and the juvenile had an attorney representing their individual interests. At the May 6, 1999 hearing, the judge asked the juvenile if he understood everything, and specifically, if he understood what happens when he disobeys the court. The record shows that the juvenile stated that he understood and that he knew if he disobeyed the court he would not be able to stay with either of his parents. At this hearing the court also addressed the juvenile’s parents about their responsibilities and obligations. All parties indicated that they were willing to cooperate with the court and that they understood their responsibilities and obligations. At the July 8, 1999 hearing, the juvenile also indicated that he understood the allegations and the proceedings. Moreover, Lisa Doyle, a probation officer, testified that she had discussed the recom *587 mendations with the parents and the juvenile. Based on- the foregoing, especially considering that the legislature expressed its intent to minimize adversarialness in this type of proceeding and that the juvenile was represented by counsel, we find that the juvenile understood his rights and the nature of the proceedings and allegations. Finally, considering the broad | fidiscretion the juvenile court has in arriving at solutions which balance the needs of the juvenile and the public, we find no error in the juvenile court accepting the juvenile’s admission.
ASSIGNMENTS OF ERROR TWO AND SIX — LAW AND ANALYSIS
The appellant next contends the juvenile court judge erred in allowing the district attorney to amend the delinquency petition to a FINS petition. Appellant further contends that the court erred in accepting the petition when the parties had not been properly served with it.
In a delinquency proceeding, the petitioner may, prior to the adjudication hearing, amend the petition to make new requests for adjudication. La. Ch. C. art. 846(B). Here, the State originally filed a petition alleging the juvenile was a delinquent, however, prior to the adjudication hearing, it amended the petition to a FINS petition. Considering the Children’s Code provides the State with the authority to amend a delinquency petition and that the amendment was for the benefit of C.O’C., in that a delinquency charge carries greater consequences than a FINS petition, we find no error in the court’s accepting the amendment of the petition to a FINS petition.
Finally, as to appellant’s contention that the admission and disposition should be reversed and vacated because they were not served with the petition or the amended petition, we find no merit. The appellant failed to object on these grounds at either the May 6, 1999 or July 8, 1999 hearing; thus, she waived her right to raise this issue on appeal. La.Code Crim. P. art. 841(A).

ASSIGNMENT OF ERROR THREE-LAW AND ANALYSIS

Appellant next contends that the clerk of court denied her access to the court records concerning her child and violated her due process rights. We did not find any evidence in the record to support this contention; thus, we decline to address it.
17ASSIGNMENTS OF ERROR FOUR ' ”” ' ^ AND FIVE — LAW AND ANALYSIS
Appellant further contends the trial court erred in not properly weighing evidence that the reporting psychologist did not actually evaluate the juvenile and that the report was inaccurate. Appellant further contends the court erred in shifting the burden of proof to the parents and the child to disprove the facts in the evaluations. We disagree. The appellant failed to present any evidence to controvert the psychologist’s report. She had the opportunity to subpoena the psychologists to testify and did not. Considering there is no evidence to show the psychologist’s report is inaccurate, we find no error in the juvenile court’s decision to accept its conclusions. Finally, it was the appellant’s burden to disprove the report if she did not believe it was accurate. She failed to subpoena the psychologist who prepared the report and thus lost her opportunity to disprove the facts in the report. Thus, this assignment of error lacks merit.

ASSIGNMENT OF ERROR SEVEN-LAW AND ANALYSIS

Finally, the appellant complains that the juvenile court’s placing of the juvenile on probation for a crime he did not commit is an abuse of discretion.
The Children’s Code provides that once a family has been adjudicated in need of court supervision, the court may place the child on probation and impose terms and conditions it deems in the best interest of the child and the public. La. Ch. C. art. 779 A(4). The juvenile court placing the juvenile on probation was not a criminal *588 sanction because a FINS proceeding is not a criminal proceeding. Accordingly, we find that the court’s placing of this juvenile on probation was in his best interest and within the court’s discretion. Thus, this assignment of error lacks merit.
For the reasons assigned, we affirm the juvenile court’s judgment. Each party shall bear his own costs of this appeal.

AFFIRMED.

. To maintain confidentiality, the juvenile’s initials are used instead of his full name.