ROBERTA. CHAISSON, Judge.
|aThe instant consolidated appeals stem from four separate juvenile proceedings involving M.B. On appeal, M.B. challenges the validity of his admissions to three delinquency petitions and one family in need of services petition, alleging that his admissions were not freely and voluntarily given. For the reasons set forth herein, we find that the juvenile’s admissions to the petitions are constitutionally infirm and accordingly must be vacated.

STATEMENT OF THE CASE

District Court Case Number 3996 (Appeal Number 12-KA-203)

On June 28, 2010, the St. James Parish District Attorney filed a petition alleging that the juvenile, M.B., violated LSA-Ch.C. art. 730(2) by “habitually disobeying the reasonable and lawful demands of his/ her parents or guardian, and is ungovernable and beyond their control.” The juvenile admitted the allegations of the petition on July 29, 2010. The trial judge then adjudicated M.B. as | (¡ungovernable and ordered that the Office of Juvenile Justice conduct an evaluation of him.

District Court Case Number 3999 (Appeal Number 12-KA-204)

On July 6, 2010, the State filed a petition seeking to have M.B. adjudicated delinquent based on a violation of LSA-R.S. 14:67. The petition specifically alleged that the juvenile committed theft by the misappropriation or taking of property belonging to T.M., wherein the value amounted to between $100.00 and $500.00. Initially, M.B. answered the petition by denying that he had committed the delin *605 quent act. However, on December 6, 2010, after a bench conference, M.B. admitted to the allegation in the petition. Thereafter, with respect to district court case numbers 3996 and 3999, the trial judge ordered that the juvenile be placed on probation with the Department of Safety and Corrections, Office of Juvenile Justice, for a period of two years having been adjudicated family in need of services/delinquent for being ungovernable and for theft between $100.00 and $500.00. With respect to these two cases, a motion for revocation of probation was filed on November 28, 2011.
On December 5, 2011, a revocation hearing was held, after which the trial judge found the juvenile in contempt of court and ordered him to report to the St. James Parish Detention Center on December 21, 2011, and to remain there until an evaluation by Dr. Jesse Lambert was completed. On December 23, 2011, Dr. Lambert issued a report on his psychological evaluation of the juvenile. On January 3, 2012, as to case numbers 3996 and 3999, the juvenile waived the probation revocation hearing and admitted to the revocation. The trial judge adjudicated the juvenile “family in need of services/delinquent” for being ungovernable and for theft. He thereafter imposed a disposition of two years for being ungovernable and six months for theft, the sentences to run concurrently.
1 ¿District Court Case Number 4131 (Appeal Number 12-KA-205)
On August 1, 2011, the St. James Parish District Attorney filed a petition seeking to have M.B. adjudicated delinquent based on allegations that the juvenile committed theft of property wherein the value amounted to between $100.00 and $500.00, in violation of LSA-R.S. 14:67 (count one); simple criminal damage to property having a value of under $500.00, in violation of LSA-R.S. 14:56 (count two); and simple criminal trespass, in violation of LSA-R.S. 14:63 (count three). On that same date, M.B. denied the allegations of the petition. However, on January 3, 2012, the juvenile admitted the allegations of the petition. The trial court adjudicated M.B. delinquent and imposed a disposition of six months for theft, six months for simple criminal damage to property under $500.00, and thirty days for simple criminal trespass, the sentences to run consecutively with one another and with his sentences in case numbers 3996 and 3999.

District Court Case Number 4182 (Appeal Number 12-KA-206)

On December 12, 2011, the State filed another petition seeking to have M.B. adjudicated delinquent based on the allegation that he committed simple battery, in violation of LSA-R.S. 14:35. On January 3, 2012, after M.B. admitted to the charge in the petition, the trial judge adjudicated him delinquent and imposed a disposition of six months, the sentence to run consecutively with his sentences in case numbers 3996, 3999, and 4131.[1]
M.B. now appeals, challenging the validity of his admissions to the petitions in all four cases.
| JAW AND ANALYSIS
On appeal, M.B. alleges that his admissions to the petitions were not freely and voluntarily given, and therefore, he should be allowed to withdraw those admissions. In particular, the juvenile argues that the *606 trial judge erred in accepting his admissions to the petitions because he was not advised of the essential elements of the crimes to which he entered admissions, nor was he advised of the possible dispositions he could receive. Further, the juvenile asserts that the trial judge erred by allowing him to enter admissions with his limited understanding and without a guardian present. He contends that he did not understand the nature of the allegations against him, nor did he understand the constitutional protections he was waiving by pleading guilty. For the reasons that follow, we find merit to these arguments.
A guilty plea must be a free and voluntary choice on the part of the defendant. A valid guilty plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The due process requirements enumerated in Boykin, supra, have been applied to admissions of allegations made by juveniles in Louisiana delinquency proceedings. State in Interest of D.S., 95-1019 (La.App. 5 Cir. 4/16/96), 673 So.2d 1123, 1126, unit denied, 96-1237 (La.6/21/96), 675 So.2d 1086. Thus, the juvenile must be advised of and waive his right to an adjudication hearing and to confront his accusers, and his privilege against self-incrimination. State ex rel. Q.U.O., 39,303 (La.App. 2 Cir. 10/27/04), 886 So.2d 1188, 1190, appeal after new trial, 40,052 (La.App. 2 Cir. 6/29/05), 907 So.2d 221. There must be an express and knowing waiver of rights, which must be on the record; the | (irecord must unequivocally show that the waiver was free and voluntary. State in Interest of C.H., 595 So.2d 713, 714 (La.App. 5 Cir.1992).
Moreover, LSA-Ch.C. art. 855 sets forth the rights to be given to a juvenile at his appearance to answer.[2] That article reads as follows:
A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.
B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:
(1) The nature of this delinquency proceeding.
(2) The nature of the allegations of the petition.
(3) His right to an adjudication hearing.
(4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.
(5) His privilege against self-incrimination.
(6) The range of responses authorized under Article 856.
(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court may impose pursuant to Articles 897 through 900....
*607 In State ex rel. R.D.S., 10-314 (La.App. 3 Cir. 6/30/10), 43 So.3d 1057, the juvenile pled nolo contendere and was adjudicated delinquent, after which he received a disposition of two years supervised probation. On appeal, the juvenile contended that the trial court erred by failing to advise him of his Boykin rights and the rights required by LSA-Ch.C. art. 855. The Third Circuit Court of Appeal held that the trial court’s failure to advise the juvenile of, his constitutional rights and obtain a waiver of those rights before accepting the plea violated the juvenile’s bright to due process. As such, the appellate court vacated the adjudication and disposition and remanded the matter for further proceedings.
In State ex rel. Q.U.O., supra, the juvenile admitted his guilt to one count of simple burglary, and the trial court imposed a judgment of detention until his twenty-first birthday. On appeal, the juvenile argued that the plea was not made knowingly or intelligently because the record failed to show that he affirmatively waived his Boykin rights. The Second Circuit found that the record did not show that the juvenile was formally advised of his Boykin rights, and that although the juvenile was represented by counsel at all hearings, it could not infer Boykin compliance from a silent record. As such, the Second Circuit vacated the juvenile’s admission, reversed the adjudication and disposition, and remanded the case for further proceedings.
Likewise, in State in Interest of Lucas, 543 So.2d 634 (La.App. 1 Cir.1989), the First Circuit held that the failure to advise the juvenile of his Boykin rights, or to make any inquiry as to the juvenile’s understanding of those rights, and to advise the juvenile that by admitting the allegations he was waiving those rights, amounted to errors patent that required vacating the admissions, reversing the adjudications and dispositions, and remanding the matter.
In the instant case, there is no indication in the record that the trial court advised the juvenile of his Boykin rights or of any of the rights set forth in LSA-Ch.C. arts. 855 or 740.[3] The transcript from the January 3, 2012 adjudication hearing reflects that the juvenile was represented by counsel, and that counsel, on behalf of the juvenile, admitted to the allegations in the petitions. After counsel admitted to the allegations, the trial court imposed the dispositions. There is no indication in the transcript that the trial court personally addressed the juvenile at 18any time. The trial court did not advise M.B. of his Boykin rights, of the nature of the offenses, or of the maximum penalties for the offenses to which the juvenile entered admissions. Moreover, there is no indication that the juvenile’s attorney advised him of his rights. We note that there is an indication in the minute entry that a bench conference was conducted prior to the juvenile’s admissions; however, the bench conference was unrecorded, and therefore, we do not know the extent of the conversation between the trial judge and the juvenile. From the record before us, there is absolutely no evidence to show that the juvenile was advised of any of his rights prior to entering the admissions to the four petitions. Therefore, the admissions to the allegations in the petitions, the trial court’s adjudications of delinquency, and the dispositions imposed are vacated. The matter is remanded to the district court, sitting as the juvenile court, for further proceedings.

VACATED AND REMANDED

. In imposing the dispositions on January 3, 2012, the trial judge ordered that the juvenile be placed in the custody of the Office of Juvenile Justice for a period of time not to exceed forty-three months, that M.B. be assigned to a non-secure program, and that the Office of Juvenile Justice implement the recommendations of Dr. Lambert's evaluation.

. We acknowledge that the petition in district court case number 3996 is not a delinquency petition but rather a family in need of services petition. In a family in need of services proceeding, the juvenile court must advise the parents and the child of the nature of the proceedings and the allegations, the right to an adjudication hearing, and the right to retain and be represented by an attorney. Moreover, if a petition seeking a formal adjudication is filed, the court shall also advise the child of his privilege against self-incrimination. LSA-Ch.C. art. 740; State ex rel. C.O'C., 99-1018 (La.App. 5 Cir. 4/12/00), 769 So.2d 583, 586.

. There is a written notice of the right to counsel contained in the records.