684 So.2d 563 (1996)
STATE of Louisiana in the Interest of J.G.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
*564 Jerold Edward Knoll, Michael Francis Kelly, Marksville, for the State.
Richard Mark Upton, Baton Rouge, for J.G.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
On June 10, 1995, J.G.,[1] a juvenile, was charged with one count of simple burglary and one count of illegal possession of stolen things. The juvenile denied the charges on July 5, 1995, at which time indigent defender, Brian Caubarreaux, was appointed to represent the juvenile. Although the minutes do not reflect when Caubarreaux was relieved of his appointment, the minutes of September 18, 1995, indicate that indigent defender, Dan B. McKay, Jr., was relieved of his representation of the juvenile. According to the transcript of a hearing held on September 15, 1995, McKay was relieved of his appointment to represent the juvenile because the juvenile's mother wished to retain counsel for the juvenile. At that same hearing, the trial judge informed the juvenile's mother that he rejected the offer of a probated sentence for the juvenile, and would sentence the juvenile to a determinate sentence in LTI if she was adjudicated a delinquent.
On October 2, 1995, the juvenile, accompanied by her parents but without counsel, admitted to the allegations in the petition charging her with one count of simple burglary and one count of possession of stolen things. The court sentenced the juvenile on that same date to the Department of Corrections and such juvenile institution as that department may deem appropriate until her 21st birthday.
On January 30, 1996, Richard Upton enrolled as counsel on behalf of the juvenile. Upton filed a Motion to Withdraw Admission and a Motion to Modify Disposition on March 26, 1996. After a hearing on April 11, 1996, the trial court denied both motions. The juvenile now appeals her admission to the charges and her disposition, alleging two assignments of error.
FACTS:
The following was recited by the prosecution as a factual basis for the juvenile's admission:
On or about December 2, 1994, she did violate the provisions of LRS 14:62, entitled SIMPLE BURGLARY, in that she did enter the residence of Mac Baudin of Spring Bayou Road, Marksville, Louisiana, with the intent to commit a theft therein. She's also charged, on the same date that she did:
Violate the provisions of LRS 14:69, entitled ILLEGAL POSSESSION OF STLEN THINGS, in that she did receive US Currence [sic] in excess of $1,000, but less that $5,000.
ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent and have found that the record contains an error patent warranting reversal of the juvenile's admission.
*565 The juvenile was not informed of her right against self-incrimination before she admitted to the charges in the petition. According to State v. Godejohn, 425 So.2d 750 (La.1983), if a trial court fails to inform a defendant of his right to a jury trial, of his right to confront his accusers, and of his privilege against self-incrimination, the plea does not meet the due process requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We note that the due process requirements enumerated in Boykin have been applied to juvenile admissions in Louisiana delinquency proceedings. State in the Interest of C.H., 595 So.2d 713 (La.App. 5 Cir.1992); State in Interest of Lucas, 543 So.2d 634 (La.App. 1 Cir.1989); State in Interest of Wilkerson, 542 So.2d 577 (La.App. 1 Cir.1989).
The juvenile did not file her Motion to Withdraw Admission until the trial court imposed her disposition. Although we find no article in the Children's Code governing the time limits of filing a Motion to Withdraw Admission, La.Ch.Code art. 887 authorizes the trial court to vacate an adjudication of delinquency prior to disposition in certain situations. La.Code Crim.P. art. 559 specifically authorizes the withdrawal of a guilty plea before sentence. The Louisiana Supreme Court, however, has granted trial courts the authority to grant motions to withdraw guilty pleas after sentencing when those guilty pleas are constitutionally infirm. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Deville, 457 So.2d 864 (La.App. 3 Cir.1984). In State v. Lewis, 421 So.2d 224 (La.1982), the supreme court stated the following:
When a Trial Judge finds, even after sentencing a defendant, either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea, notwithstanding Article 559.
Id. at 226.
We find that the Boykin colloquy given by the trial court in the present case was inadequate. Thus, the juvenile's plea was constitutionally infirm.
The following colloquy took place before the juvenile entered her admission:
BY THE COURT:
Now, Ma'am, you have not secured the services of an attorney, is that correct? BY J.G.:
Yes sir.
BY THE COURT:
All right, at this time, it's my understanding she wishes to change her previous position and now admit the charges, is that correct?
BY MS DESOTO:
Yes sir.
BY THE COURT:
Is that correct, young lady?
BY J.G.:
Yes sir.
BY THE COURT:
Ma'am, is that correct? (DIRECTED TO MOTHER)
BY MOTHER:
Yes sir.
BY THE COURT:
Mr. G, is that correct? (DIRECTED TO FATHER)
BY FATHER:
Yes sir.
BY THE COURT:
Do you understand that you're entitled to have a hearing in these proceedings; you're entitled to have witnesses summoned; you're entitled to an attorney; if you can't afford one, one will be appointed for you? Despite that, you wish to proceed, and change your previous denial of the charges, and now admit the charges, is that correct, young lady?
BY J.G.:
Yes sir.
BY THE COURT:
And, do both of the parents join in this admission?
BY MOTHER:
Yes sir.
BY FATHER:
*566 Yes sir.
BY THE COURT:
All right, Mr. Kelly, would you state the factual basis for the admission?
BY MR KELLY:
Yes sir. Your honor, J.G. is charged in these proceedings that:
On or about December 2, 1994, she did violate the provisions of LRS 14:62, entitled SIMPLE BURGLARY, in that she did enter the residence of Mac Baudin of Spring Bayou Road, Marksville, Louisiana, with the intent to commit a theft therein.
She's also charged, on the same date that she did:
Violate the provisions of LRS 14:69, entitled ILLEGAL POSSESSION OF STOLEN THINGS, in that she did receive US Currency in excess of $1,000, but less than $5,000.
* * * * * *
BY THE COURT:
All right, young lady, do you understand that this is what you're admitting to?
BY J.G.:
Yes sir.
BY THE COURT:
And, do you, in fact, admit to these charges?
BY J.G.:
Yes sir.
The trial court did not inform the juvenile of her right against self-incrimination at the above hearing. State Exhibit 3, introduced at the hearing on the juvenile's Motion to Withdraw Admission, is a waiver of rights form signed by the juvenile and her father on September 21, 1995, two weeks prior to the admission hearing. The form pertained to a statement given by the juvenile on September 21, 1995. The juvenile and her father signed the portion of the form informing the juvenile of her rights but not the portion waiving those rights. In that form, the juvenile was informed of her right to remain silent.
At the admission hearing, Donna DeSoto, a Juvenile Services Officer, stated the juvenile changed her plea and indicated that she wanted to enter a plea of admission to the charge on September 21, 1995. However, no waiver of rights form was filed in the record at the admission to the charge proceeding. State Exhibit 3 does not cure the trial court's failure to inform the juvenile of her right to remain silent at the admission to the charge hearing since it was signed approximately two weeks before the admission hearing, and the juvenile did not sign the "Waiver of Rights" portion of the form. Furthermore, the juvenile was not represented by counsel at the above hearing; and, as will be discussed below, there is some question as to whether the juvenile's waiver of her right to counsel was constitutionally valid. Because the trial court failed to inform the juvenile of her right against self-incrimination, the juvenile's admission does not meet the due process requirements of Boykin, requiring the juvenile's admission be vacated, the adjudication and disposition be reversed, and the juvenile be permitted to plead anew. Godejohn, 425 So.2d at 751.
ASSIGNMENT OF ERROR NO. 1:
We note another error patent assigned as error by the juvenile. The juvenile was not represented by counsel at her admission to the petition. The sole issue raised by the defense on appeal is whether the trial court made a sufficient inquiry as to the juvenile's knowing and intelligent waiver of her right to counsel. La.Ch.Code art. 809 provides for a juvenile's right to counsel at every stage of the proceedings. La.Ch.Code art. 810 provides for a juvenile's waiver of her right to counsel in certain situations. That article provides in pertinent part:
A. The court may allow a child to waive the assistance of counsel if the court determines that all of the following exists:
(1) The child has consulted with an attorney or other adult interested in the child's welfare.
(2) That both the child and the adult advisor have been instructed by the court about the child's rights and the possible consequences of waiver.
(3) That the child is voluntarily waiving his right to counsel.

*567 B. Such waiver may be accepted at any stage in the proceedings and shall be evidence by a writing reciting the requirements contained in Paragraph A of this Article and signed by the child and his attorney or other interested adult and filed in the record, or by a verbatim transcript of the proceedings which demonstrates compliance with Paragraph A of this Article.
The colloquy quoted above contains the only inquiry made by the trial court as to the juvenile's waiver of her right to counsel. Although the record as a whole indicates the juvenile was, in fact, represented by counsel before the hearing in question and was accompanied by her parents at the admission to the charge proceeding, the transcript in the present case does not demonstrate compliance with Paragraph A of article 810. Furthermore, the September 21st, 1995 waiver of rights form discussed above does not cure any defect in the trial court's failure to comply with article 810 since the form was signed two weeks prior, the form was not provided to the juvenile by the court, and the juvenile did not sign the portion of the form waiving her rights. We find that the trial court did not adequately comply with La.Ch. Code art. 810, warranting the vacation of the juvenile's admission and a remand to the trial court for further proceedings consistent with this opinion. See State in the Interest of Jones, 372 So.2d 779, 781 (La.App. 4 Cir. 1979).
CONCLUSION:
The juvenile's admission is hereby vacated, the adjudication and disposition is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Initials are used in order to protect the identity of the juvenile involved.