JjMOORE, J.
The state charged 14-year-old QUO with two counts of delinquency arising from separate incidents of simple burglary of an inhabited dwelling. Pursuant to a plea agreement, QUO admitted his guilt to one count and the state dismissed the other. The district court, sitting as a juvenile court, imposed a judgment of disposition of secure detention until QUO’s 21st birthday. QUO now appeals. Finding that QUO was not properly advised of his Boy-kin rights, we reverse and remand.

Factual Background

On November 5, 2003, the state filed a petition to declare QUO delinquent for committing the simple burglary of a neighbor’s house on Jerald Drive in Monroe on October 12, 2003. The matter was set for an answer on November 20 and again on December 8, but according to the minutes no appearances were made on those dates. QUO and his mother appeared for a detention hearing on January 15 at which Corporal Wyatt testified that QUO admitted entering the victim’s house to look for drugs. The court continued QUO in custody pending adjudication and disposition, but at some point he was released to his mother’s custody.
Meanwhile, on January 12, 2004, QUO was arrested for committing another simple burglary of the same inhabited dwelling on January 11. The state filed a second petition, seeking to have QUO declared delinquent for this offense, on January 16.[1] On January 22, QUO appeared in court, represented by counsel. He waived formal arraignment and denied the allegations.
|2On April 8, 2004, QUO appeared in court, represented by counsel and accompanied by his mother. He admitted being delinquent to one count of simple burglary of an inhabited dwelling, with the other to be dismissed, in the following colloquy:
Mr. Sanders: Your honor, this is Number 2 and 3 on the docket, [QUO], No. *1190 16,927. He’s in court today with his mother and represented by Mr. Adams. He has two charges of simple burglary of an inhabited dwelling. He’ll be admitting to one of those and we’ll dismiss the other charge pursuant to the plea.
Mr. Adams: That is correct, Your Hon- or. I have spoken to [QUO] and his mother and there is a factual basis for the charges and at this time he’ll plead delinquent to one count of simple burglary of an inhabited dwelling with the other one to be dismissed.
The Court: All right, very well. The court accepts the plea and orders a PDI.
The court then questioned QUO’s mother regarding his behavior; she admitted he had been out of control and, shortly after being released to her custody, he had stolen a car.
At the disposition hearing on May 17, 2004, counsel for QUO urged that he be confined to no worse than non-secure custody. Stating that it had read the PDI and QUO’s letter,[2] the court ordered QUO to secure detention until his 21st birthday. The court also allowed QUO to speak, but replied that his claims of reform did not alter the disposition.
QUO now appeals, raising three assignments of error.

1sDiscussion

By his first assignment of error, QUO urges that his plea was not made knowingly, voluntarily or intelligently, thus requiring the reversal of his adjudication and disposition. He contends that the record does not show that he affirmatively waived his constitutional rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Bouie, 2000-2934 (La.5/14/02), 817 So.2d 48. Specifically, he contends that prior to accepting the guilty plea, the court did not advise him on the record of his right against self-incrimination, his right to trial or his right to call and confront witnesses. La. Ch. C. art. 855; Boykin v. Alabama, supra.
The state submits that QUO was represented by counsel at every stage of the proceeding; counsel stated on the record that he had conferred with QUO; and his mother admitted there was a factual basis for the plea. Without any citation of authority, the state concludes that QUO’s guilty plea was adequately supported by the advice of his mother and attorney.
A valid guilty plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation, and the privilege against compulsory self-incrimination. Boykin v. Alabama, supra; State v. Montalban, 2000-2739 (La.2/26/02), 810 So.2d 1106, cert. denied, 537 U.S. 887, 123 S.Ct. 132, 154 L.Ed.2d 148 (2002). The due process principles of Boykin apply to juvenile delinquency proceedings. La. Ch. C. art. 855; State in Int. of JG, 96-718 (La.App. 3 Cir. 12/11/96), 684 So.2d 563. The juvenile must be advised of and waive his right to an adjudication hearing and to confront his accusers, and his privilege against Lself-incrimination. State in Int. of Lucas, 543 So.2d 634 (La.App. 1 Cir. 1989). On direct appeal, the court will not presume a valid waiver of rights from a silent record. Boykin v. Alabama, supra; *1191 State v. Deville, 2004-1401 (La.7/2/04), 879 So.2d 689.
On close examination, we are constrained to agree with QUO’s contention that “as the record indicates, the trial court failed to initiate any part of the Boykinization plea colloquy.” Neither the transcript nor the minutes of the April 8 hearing show that QUO was formally advised of his rights under Boykin. Although he was actually represented by counsel at that and all other hearings, we cannot infer Boykin compliance from a silent record. In the absence of such compliance, we must vacate QUO’s admission, reverse the adjudication and disposition, and remand the case for further proceedings. State in Int. of JG, supra, and citations therein.
By his second assignment of error, QUO urges the juvenile court erred in adjudicating him delinquent based on a charge and petition that were both untimely. He contends that as he was not continued in custody, the state had to begin adjudication within 90 days of the date of filing the petition, or before February 3, 2004. La. Ch. C. art. 877 B. He further urges that the court made no finding of good cause to extend this deadline, and concludes that the remedy is dismissal of the petition under La. Ch. C. art. 877 C and State in Int. of RDC, 93-1865 (La.2/28/94), 632 So.2d 745.
The state argues that dismissal under Art. 877 C is predicated on a motion filed by the juvenile. This is correct. The article provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall 1 Rcommence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause shown, the court may extend such period. (Emphasis added.)
The article plainly requires the “motion of a child” to trigger the release of a child continued in custody and the dismissal of the petition. QUO filed no such motion and, in fact, did not object to the alleged delay in holding the adjudication hearing. In the absence of a contemporaneous objection, QUO cannot now raise this issue for the first time. La. C. Cr. P. art. 841; State ex rel. KG, 34,535 (La.App. 2 Cir. 1/24/01), 778 So.2d 716; State in Int. of DJ, 29,474 (La.App. 2 Cir. 4/2/97), 691 So.2d 839. Finally, QUO’s reliance on State in Int. of RDC, supra, is unpersuasive, as in the instant case there is no showing that the state improperly dismissed a petition to avoid a time delay. This assignment of error lacks merit.
By his third assignment of error, QUO urges the disposition of juvenile life is excessive for a 15-year-old first felony offender. However, because we are reversing the adjudication and disposition and remanding the case for further proceedings, we pretermit any consideration of the length of the disposition.

Conclusion

For the reasons expressed, QUO’s admission of guilt is vacated and | fiset aside; the adjudication and disposition are reversed; and the case remanded to the juvenile court for further proceedings.
ADMISSION OF GUILT VACATED; ADJUDICATION AND DISPOSITION REVERSED; CASE REMANDED.

. By this time, QUO had turned 15.

. At the time of the disposition hearing, QUO had been charged with three additional counts of delinquency, including two incidents of simple burglary of an inhabited dwelling and one of aggravated burglary. He was also charged with three traffic offenses arising from crashing a stolen car on March 14, 2004, but those charges were later dismissed.