# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-0314

STATE IN THE INTEREST OF
R. D. S.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21,348
HONORABLE GUY BRADBERRY, DISTRICT JUDGE

AND

THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 1359
HONORABLE PENELOPE QUINN RICHARD, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Billy H. Ezell, and Shannon J. Gremillion, Judges.

## ADJUDICATION AND DISPOSITION VACATED;
## MATTER REMANDED FOR FURTHER PROCEEDINGS.

**John Foster DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Cecil R. Sanner**
**District Attorney**
**Thirty-Eighth Judicial District**
**P. O. Box 280**
**Cameron, LA 70631**
**(337) 775-5713**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-3384**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **R.D.S.**

PETERS, J.

R.D.S.,[1] a juvenile, appeals his adjudication as a juvenile delinquent as well as the disposition imposed upon him. For the following reasons, we vacate the adjudication and disposition and remand the matter to the appropriate juvenile court for further proceedings.

The State of Louisiana (state) asserted, by petition filed in Calcasieu Parish, Louisiana, that on or about December 2, 2007, R.D.S. committed sexual battery, a delinquent act as defined by La.R.S. 14:43.1 and La.Ch.Code art. 804(3), on E.S., a female juvenile. Initially, R.D.S. answered the petition by denying that he had committed the delinquent act. However, midway through the adjudication hearing on August 11, 2008, he withdrew his denial and entered a *nolo contendere* response to the assertions in the state's petition pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).[2] The juvenile court then accepted this response to the assertions after making a determination that there was a factual basis for adjudication, and adjudicated R.D.S. as a juvenile delinquent. The juvenile court in Calcasieu Parish then transferred the matter to the juvenile court in Cameron Parish for disposition. On December 9, 2009, after conducting a hearing, the Cameron Parish juvenile court imposed a disposition of two years supervised probation with special conditions.

---

[1]Pursuant to Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, we will use initials throughout this opinion to preserve confidentiality of the juvenile, the victim, and the witnesses.

[2]We note that La.Ch.Code art. 856(A)(4) also allows for a *nolo contendere* plea in a juvenile proceeding.

R.D.S. appeals both the adjudication and disposition aspects of the juvenile court proceedings. In doing so, he asserts five assignments of error:

1) The juvenile court failed to advise R.D.S. of both his constitutional rights, generally referred to as *Boykin* rights, and the rights required by La. Ch. Code art. 855.

2) The juvenile court failed to obtain from R.D.S. a valid waiver of his constitutional rights before imposing disposition.

3) The juvenile court failed to actually adjudicate R.D.S. a delinquent child for having committed a felony-grade offense.

4) The sentencing court erred in failing to conduct a timely disposition hearing in this case and trial counsel rendered ineffective assistance by failing to object to the delay between the adjudication of delinquency and the disposition hearing.

5) The juvenile court failed to particularize the disposition to R.D.S.

We find merit in the first and second assignments of error.

The adjudication record before us reflects that the juvenile court in Calcasieu Parish failed to advise R.D.S. of his constitutional rights and failed to obtain a valid waiver of those rights before accepting his *Alford* plea. "[T]he due process requirements enumerated in *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969),] have been applied to juvenile admissions in Louisiana delinquency proceedings." *State in the interest of J.G.*, 96-718, p. 3 (La.App. 3 Cir. 12/11/96), 684 So.2d 563, 565. This failure requires that we vacate the adjudication and remand the matter to the appropriate juvenile court for further proceedings. *Id.*

With regard to the question of remand, we note that adjudication occurred in one judicial district and disposition in another. However, this procedural maneuver is provided for in La.Ch.Code art. 805(B). While we vacate the actions of both judicial districts, we find it necessary to remand the matter to the Juvenile Court in

2

the Fourteenth Judicial District, Calcasieu Parish, where the adjudication proceedings began.

Because we find merit in the first two assignments of error, we need not consider the remaining three assignments.

## DISPOSITION

For the foregoing reasons, we vacate the adjudication of R.D.S. as a delinquent as well as the disposition of that adjudication. We remand the matter to the Juvenile Court in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, for further proceedings.

**ADJUDICATION AND DISPOSITION VACATED; MATTER REMANDED FOR FURTHER PROCEEDINGS.**