GREMILLION, Judge,
dissents.
I respectfully dissent in part from the majority’s opinion. ' In my opinion, the juvenile and the State had reached a binding agreement regarding her detention prior to admitting the charges against her.
A hearing was held in the Third Judicial District Court on October 6, 2015, Her attorney entered the following on the record: ,
Your Honor, at this time [K.B.] would like to enter an admission as to the charge of aggravated second-degree battery, accept the state’s offer of eighteen months OJJ [Office of Juvenile Justice] custody, suspended, with eighteen months’ supervised probation and special conditions, and of course, there will be a transfer to Lafayette.
The trial court then questioned K.B. extensively regarding the admission, including explaining to her that she was agreeing to admit to the offense and be sentenced to eighteen months OJJ custody, which would be suspended, and that she would be subject to eighteen months of supervised probation, which would include substance abuse evaluations. K.B. was advised of her constitutional rights by the trial court. KB, expressed her acknowledgement and understanding of these terms. The State remained silent through the proceedings and did not express any disagreement with the terms of KB.’s disposition as explained to the court by KB.’s attorney.
The trial court then pronounced sentence in accordance with the agreement. A bench conference was then held, after which the trial court stated, “Let the record reflect .it’s been brought to my attention that it would be practical if I just adjudicate and accept the plea of [K.B.], that I transfer the case to Lafayette for actual disposition and sentencing.” KB.’s attorney agreed that he had discussed the matter with KB. and she had no objection. The trial court then accepted the plea and ordered the matter transferred to the Fifteenth Judicial District Court.
The accepting tone of the trial court, in the Third Judicial District Court was not reflected in the proceeding in the Fifteenth Judicial District, where the trial court, which obviously possessed information regarding KB.’s history, determined that the proper course was to proceed with sentencing KB. to eighteen months in the OJJ custody, with all but six suspended, with twelve months’ supervised probation. He referred the matter back to the Third Judicial District Court to determine whether to allow KB. to withdraw her admission. KB.’s counsel objected and asked the court to vacate its sentence, which the trial court denied.
KB. argues that the Third Judicial District Court erred in transferring the matter to Lafayette Parish. I disagree. Louisiana Children’s Code Article 805 provides:
A. A delinquency proceeding shall be commenced in the parish in which the *939 offense complained of took place. The juvenile court shall conduct the adjudication hearing and may also conduct the disposition hearing unless it decides to transfer the case as provided for in Paragraph B of this Article.
B. Upon motion of the district attorney, the child, or upon the court’s own motion, after the confection of an informal adjustment agreement or an adjudication that the child is delinquent, the court may transfer the proceeding to the parish in which the child is domiciled.
There is no dispute that KB. is domiciled in Lafayette Parish. The Third Judicial District' Court was statutorily authorized to transfer KB.’s matter to Lafayette Parish. KB.’s attorney did not object to the transfer, and indeed acquiesced to it.
K.B. argues that the trial court erred in not imposing the disposition agreed upon between her and the State. In the context of a juvenile proceeding, the Louisiana Supreme Court has held that both contract law and constitutional constraints govern the enforceability, of plea agreements. State in the Interest of E.C., 13-2483 (La.6/13/14), 141 So.3d 785. Guilty pleas are constitutionally infirm when not freely and voluntarily made; and they are not freely and voluntarily made when based upon plea agreements that are not fulfilled. See State in the Interest of H.N., 15-173 (La.App. 5 Cir. 6/30/15), 171 So.3d 1242.
There was clearly a plea agreement in this case that was recited into the record in the Third Judicial District Court: KB. was to receive eighteen months in the custody of OJJ, but that would be suspended, and she would be subject to supervised probation including substance abuse counseling and treatment. The situation is complicated because of the transfer of the matter 'from Lincoln Parish to Lafayette Parish after the adjudication of KB. However, KB. s agreement was not between her and the Third Judicial District Attorney; it was between her and the State of Louisiana, whom the Third Judicial District Attorney represents every bit as much as does the Fifteenth Judicial District Attorney. • •
In State ex rel. R.D.S., 10-314 (La.App. 3 Cir. 6/30/10), 43 So.3d 1057, a juvenile was not advised by the trial court of his constitutional rights, nor was a waiver of those rights secured before his nolo con-tendere plea was accepted: The matter was then transferred to an adjacent parish, where the juvenile was domiciled, for disposition. On appeal, this court vacated the adjudication based upon this constitutional infirmity. Because the adjudication was entered in the first parish, we remanded the matter to that court. I find the present matter analogous. I would remand the matter to the Fifteenth Judicial District Court with instructions that KB. be sentenced in accordance with the plea' agreement or that her case be returned to the Third Judicial District Court to determine whether to allow her to withdraw her admission.