| | | |
|---|---|---|
| **STATE OF LOUISIANA IN THE INTEREST OF L.D.** | * | **NO. 2024-CA-0784** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

CONSOLIDATED WITH:                    CONSOLIDATED WITH:

STATE OF LOUISIANA IN THE INTEREST            NO. 2024-CA-0786
OF T.J.


APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2024-058-08-DQ-A, SECTION "A"
Honorable Clinton Smith,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)


Katherine M. Franks
LOUISIANA APPELLATE PROJECT
P.O. Box 220
Madisonville, LA 70447


COUNSEL FOR DEFENDANTS/APPELLEES

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119


COUNSEL FOR STATE OF LOUISIANA/APPELLANT


**REVERSED AND REMANDED**

**FEBRUARY 17, 2025**

*DLD*
*NEK*
*MGM*

In this juvenile delinquency case, T.J. and L.D. were each charged with a violation of La. R.S. 14:40.1 (Terrorizing; menacing).  L.D. was also charged with a violation of La. R.S. 14:38.2 (Assault on a school teacher).  The State of Louisiana appeals the juvenile court's granting of T.J.'s and L.D.'s motions to dismiss for failure to timely prosecute.  For the reasons that follow, we reverse the juvenile court's granting of the motions to dismiss and remand these matters to the juvenile court for further proceedings consistent with this opinion.

**STATEMENT OF THE CASE**

On February 19, 2024, L.D. and T.J. were booked at the Juvenile Justice Center in New Orleans.  At a hearing on February 20, 2024, no probable cause was found pursuant to Louisiana Children's Code Article 814, and both L.D. and T.J. were released from custody.  Their releases were not contingent on any conditions.

On February 28, 2024, the State filed a delinquency petition charging L.D. and T.J. with a violation of La. R.S. 14:40.1.  L.D. was also charged with violating La. R.S. 14:38.2.  The State elected to proceed as a "non-detention matter," and neither of the juveniles were to be continued into custody.

1

On March 20, 2024, the matter came for an answer hearing, but service was not perfected on the juveniles. The matter was set for April 10, 2024, but due to anticipated severe weather, City buildings were closed and the matter was reset for April 23, 2024. During that period of time (specifically on April 2, 2024) both L.D. and T.J. were arrested on unrelated charges in Jefferson Parish. As a result of that arrest, on April 11, 2024, the State filed a motion to remand both L.D. and T. J. into custody. On April 30, 2024, the court denied the State's motion to remand.[1] On April 23, 2024, the matter again came for an answer hearing. The Louisiana Center for Children's Rights was appointed to represent L.D., and the Orleans Public Defenders were appointed to represent T.J. Both juveniles denied the charges in the petition, and an adjudication hearing was set for July 11, 2024.

On July 10, 2024, the State requested a continuance. Neither of the juveniles' counsel had any objection. The court found good cause to grant the continuance, noting also that counsel for both juveniles waived the time requirements of Article 877. The adjudication hearing was rescheduled for September 12, 2024.

On September 10, 2024, with Hurricane Francine approaching Southeast Louisiana, the Mayor of New Orleans issued an emergency declaration and closed all of its administrative operations, including juvenile court, for September 10, 11, and 12, 2024. The juvenile court, on its own motion, found good cause for a continuance, continued the adjudication hearing, and chose a new date of October 31, 2024.

---

[1] The court noted that the case was being handled as a non-detention matter, and L.D. had never appeared before a judge or hearing officer to receive any instruction or terms of release; the matter was moot as to T.J. as he was in custody in Jefferson Parish.

On October 23, 2024, both L.D. and J.D. filed identical motions to dismiss the petition for failure to timely prosecute. They argued that 118 days had elapsed from the date they had answered the petition. On October 31, 2024, the court granted the motions and dismissed the petition as to both juveniles.

The State appeals these judgments. The State filed a motion to consolidate the appeals of L.D. and T.J., which this Court granted on December 9, 2024.

**DISCUSSION**

On appeal, the State raises the following assignment of error: "The juvenile court abused its discretion in dismissing the delinquency petition against L.D. and T.J." The State argues that the juvenile court erred in granting a motion to dismiss a delinquency proceeding for failure to timely prosecute when the court found good cause to continue the hearing beyond the expiration of the ninety-day limitations period. After finding good cause on its own motion to continue an adjudication hearing beyond the limitations period, the juvenile court later rescinded that finding and declared *post hoc* that there was no good cause to continue.

The Louisiana Children's Code explicitly provides the time limitations within which the State must adjudicate juvenile delinquency matters. In relevant part, the Code states if "the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition." La. Ch.C. art. 877(B). If the hearing is not commenced timely, upon motion of the child, "the court shall release a child in custody and shall dismiss the petition." La. Ch.C. art. 877(C). The time limits in Article 877 are mandatory and may not be extended absent a showing of good cause, and it is "incumbent upon the [S]tate to make a showing of good cause and obtain an extension *before* the

period has run." *State in Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745, 748-49 (emphasis in original); *see* La. Ch.C. art. 877(D). Additionally, the juvenile court may extend the time limitations on its own motion if good cause is found. *State in Interest of Franklin*, 95-0423, p. 3 (La. App. 4 Cir. 7/26/95), 659 So.2d 537, 538. Although Article 877 allows for the adjudication hearing time limitations to be extended if good cause is found, the statute does not allow the juvenile court to set the adjudication hearing if the time limitation has already expired. *See State ex rel. J.B. & G.M.*, 03-0587, p. 3 (La. App. 4 Cir. 12/10/03), 863 So.2d 669, 671. The Code does not define "good cause." However, the Louisiana Supreme Court, in discussing good cause under Article 877(D), has stated "[t]he judge should be mindful of those situations where defense motions or causes beyond the control of the state may impinge on its ability to prepare for the hearing." *R.D.C., Jr.*, 632 So.2d at 749; *see also State ex rel. S.D.*, 09-1113, p. 3 (La. App. 4 Cir. 12/9/09), 28 So.3d 1160, 1161.

In the instant case, the court found good cause in two instances; once on a showing made by the State (without objection from the defendants) and second out of necessity due to inclement weather and administrative closures outside the control of the parties and the court. It was not an abuse of discretion for the court to continue the adjudication hearing to later dates on both of these occasions, even if it meant the hearing would not commence until after the limitations period had elapsed. Between July 10, 2024 and September 12, 2024, the limitations period was suspended and did not count towards the ninety days. On July 10, 2024, neither counsel for T.J. or L.D. objected to the continuance going beyond the expiration date or to the court's finding of good cause. Therefore, both L.D. and T.J. waived the restrictions on the time limitations. *See Cf. State ex rel. Q.U.O.*,

4

39,303, pp. 4-5 (La. App. 2 Cir. 10/27/04), 886 So.2d 1188, 1191.[2]  Clearly, good cause existed for the continuance granted on September 10, 2024 on the court's own motion due to Hurricane Francine.

It was an abuse of discretion for the juvenile court to reverse course and grant the motions to dismiss on the grounds of untimely prosecution.  The court had previously found good cause for justifying a continuance beyond July 22, 2024.  On July 10, 2024, the court found that the State made a satisfactory showing of good cause and the defendants had no objection.  Then, on September 10, 2024, the court, on its own motion, found that the city-wide administrative closures due to Hurricane Francine constituted good cause to continue the hearing again.  The closure due to the hurricane was beyond the control of the State, and it was the court itself that moved for the continuance.  The State should not be penalized for a situation beyond its control.

**CONCLUSION**

For the above and foregoing reasons, the judgment of the juvenile court, which granted L.D.'s and T.J.'s motions to dismiss, is reversed and these matters are remanded to the juvenile court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

---

[2] In that case, the Court held that a defendant who did not contemporaneously object to the initial setting of an answer hearing beyond the time limitations waived the ability to raise the issue on appeal. *Id.*

5